NIELSEN MERKSAMER LLP
   Christopher E. Skinnell, Esq. (S.B. No. 227093)
   David J. Lazarus, Esq. (S.B. No. 304352)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone: (415) 389-6800
Facsimile:  (415) 388-6874
E-mail: cskinnell@nmgovlaw.com
E-mail: dlazarus@nmgovlaw.com

*Attorneys for (Proposed) Intervenor-Defendants*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY
and INDEPENDENT VOTER PROJECT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE AND FREEDOM PARTY OF CALIFORNIA, *et al.*,<br><br>  *Plaintiffs*,<br><br>vs.<br><br>Dr. SHIRLEY N. WEBER, CALIFORNIA SECRETARY OF STATE,<br><br>  *Defendant.*<br><br>CALIFORNIANS TO DEFEND THE OPEN PRIMARY and INDEPENDENT VOTER PROJECT,<br><br>  *(Proposed) Intervenor-Defendants.* | Case No. 4:24-cv-08308-MMC<br><br>**DECLARATION OF CHRISTOPHER E. SKINNELL IN SUPPORT OF MOTION TO INTERVENE OF CALIFORNIANS TO DEFEND THE OPEN PRIMARY and THE INDEPENDENT VOTER PROJECT**<br><br>DATE: March 28, 2025<br>TIME: 9:00 a.m.<br>COURTROOM: 7 (19th Floor)<br>JUDGE: Hon. Maxine M. Chesney |

## DECLARATION OF CHRISTOPHER E. SKINNELL

I, CHRISTOPHER E. SKINNELL, declare under penalty of perjury:

1. I am over 18 years of age. I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently thereto. I am one of the counsel of record for proposed intervenors Californians to Defend the Open Primary ("CADOP") and Independent Voter Project ("IVP") in this proceeding.

**A. About Californians to Defend the Open Primary and the Independent Voter Project.**

2. Since its formation, I have served as counsel for Californians to Defend the Open Primary. CADOP is a nonprofit corporation, formed to advocate in favor of Proposition 14 adoption by California's voters. Its sole purpose was and is to educate the public about, to advocate for open, nonpartisan primary elections in California, allowing voters to cross party lines in elections for Legislature, statewide elected officials and congressional districts, and to defend Proposition 14 in litigation.

3. As part of its mission (and to comply with California's Political Reform Act, *see* Cal. Gov't Code § 81000 *et seq.*), CADOP created and administered a political committee, Yes on 14—Californians for an Open Primary, that successfully advocated for the adoption of Proposition 14 by California voters. I served as counsel for that committee as well. Yes on 14 raised and spent $4.75 million to advocate for enactment of Proposition 14. Yes on 14 was endorsed by all major California newspapers and supported by a broad range of civic groups including AARP, the Asian Business Association, California School Administrators, the Latin Business Association, the professional Peace Officers Association, and the California Chamber of Commerce. Yes on 14's voice in advocating for and supporting enactment of Proposition 14 was essential to its passage and vital to the dissemination to the voters of its supporters' campaign message. Proposition 14 was opposed by the leadership of both of California's major political parties and by nearly all of the minor parties as well, because Proposition 14 would (and did) establish a system for voter-nominated

candidates, rather than political party-nominated candidates. Nevertheless, Californians voted on June 8, 2010, to adopt Proposition 14.

4. I have also participated, on behalf of CADOP, in legislative activities surrounding Proposition 14, to ensure that implementation of the measure is not frustrated by legislative tinkering. My activities on behalf of CADOP include, among other things, meetings with legislative staff and other interested parties as part of the process leading to the enactment of Assembly Bill 1413 ("AB 1413"),[1] technical clean-up legislation that amended a number of provisions of SB 6, including some provisions relating to the ability of political parties to stay ballot-qualified under Proposition 14's primary system.

5. I have represented IVP in connection with Proposition 14 since even before CADOP was formed. IVP is a nonprofit corporation, founded to represent and advocate for the full engagement of non-partisan voters in California's electoral process. Proposition 14's Top Two Open Primary system has been a major reform project of Intervenor IVP for several years on which it has expended considerable resources. It was directly involved in drafting and sponsoring—indeed, was the initial drafter—of the measure that became Proposition 14, and the SB6 legislation.[2] It expended significant resources advocate for placement of the Top Two Open Primary before the voters. The Top Two Open Primary plan is a major accomplishment of IVP, and declaring it inoperative would severely harm IVP's advocacy for and programs for DTS voters, and detract for IVP's reputation as an effective advocate for DTS voters.

**A.     CADOP's and IVP's Prior Litigation Activities in Support of Prop. 14.**

6. I have also served as counsel of record for CADOP and IVP in each and every one of the cases in which they have participated in the defense of Proposition 14

---

[1] Assem. Bill 1413 (2011-2012 Reg. Sess.), *codified at* Cal. Stats. 2012, ch. 3.
[2] Senate Bill 6 (2009-2010 Reg. Sess), *codified at* Cal. Stats. 2009, ch. 1 ("SB6"), was adopted by the Legislature as implementing legislation for Proposition 14, and its effectiveness was made contingent upon Proposition 14's approve by the voters at the June 2010 primary.

and its implementing legislation. Since Proposition 14 was enacted, CADOP and IVP have spent more than $1 million dollars to defend the measures in every level of the federal and state courts, up to and including petitions for review and certiorari in the California and United States Supreme Courts, respectively.

7.  After Proposition 14 was placed on the ballot, the Yes on 14 committee was granted intervention in a state court action to defend the measure against a collusive action involving the Legislature itself, which sought to diminish the chances that the voters would enact the measure. *Clark v. Bowen*, *Legislature of the State of California, Real Party in Interest*, Sacramento Superior Court No. Case No. 34-2010-80000460. The ballot title-and-summary and the ballot label are required to be accurate and fair presentations upon which voters can rely to judge competing claims in a campaign. In *Clark v. Bowen*, the plaintiff, an author of the Ballot Argument against Proposition 14, with the consent of the legislative leadership, was asking the Court to amend the language for the ballot title-and-summary and the ballot label so that they tracked his ballot argument against Proposition 14. The changes proposed by the plaintiff would have converted the ballot title and summary and label into campaign advocacy against Proposition 14.

8.  By the time the Yes on 14 campaign (*i.e.*, CADOP) learned of the filing of *Clark v. Bowen*, the Legislature had already reached an agreement with plaintiff Clark that the Court could enter an order amending the title and summary and label in accordance with plaintiff's wishes. CADOP requested that the plaintiff Clark and the Legislature stipulate to the intervention of Yes on 14. They refused. CADOP therefore filed an ex parte application to intervene on behalf of Yes on 14, which was granted. Interveners mounted a strong defense and successfully resisted the most egregious changes to the ballot title-and-summary and ballot label proposed by plaintiff and the Legislature in the Sacramento County Superior Court. That decision was upheld by the Third District Court of Appeal. *See Clark v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1911, *25 (Cal. Ct. App. 3d Dist. Mar. 16, 2010). The same

day, the Court of Appeal also overruled Mr. Clark's efforts to rewrite the Legislative Analyst's "Fiscal Effect" analysis for Proposition 14. *See Taylor v. Superior Court*, 2010 Cal. App. Unpub. LEXIS 1909 (Cal. Ct. App. 3d Dist. Mar. 16, 2010).

9.     CADOP and IVP have also intervened in multiple lawsuits following Proposition 14's enactment, including: *Field v. Bowen*, 199 Cal. App. 4th 346 (2011); *Brown v. Bowen*, Case No. 2:12-cv-05547-PA-SP (C.D. Cal.) (dismissed Oct. 9, 2012); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013); *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), *rev. denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. 814 (Oct. 13, 2015), and *Soltysik v. Padilla*, Case No. 2:15-cv-7916-AB-GJS (C.D. Cal.) (dismissed Feb. 27, 2020).

10.    In *Clark*, *Field*, *Brown*, *Chamness*, and *Soltysik*, CADOP and IVP were granted intervention of right over the objection of the respective plaintiffs. In *Rubin*, the plaintiffs wisely stipulated to CADOP's and IVP's intervention.

11.    The *Rubin* case—brought by the same political parties who are plaintiffs herein—raised the same claim presented by this action: that the purportedly fundamental rights of the "minor" political parties to access the ballot is violated by a nonpartisan "top-two" primary system because that system makes it unduly difficult for a minor-party candidate to progress to the general election. The Court of Appeal rejected that claim in *Rubin*, and the California and U.S. Supreme Courts denied petitions to hear the case. CADOP and IVP fully participated in that action, including filing the only opposition to the petition for certiorari in the U.S. Supreme Court.

**B.     Timeliness & Lack of Prejudice to the Existing Parties.**

12.    This case was apparently filed on November 21, 2024. CADOP and IVP were not served with the complaint, or otherwise notified by Plaintiffs' counsel, even as a courtesy, despite the fact that CADOP, IVP and the political parties who are plaintiffs in this case were parties to the *Rubin* case as well, and despite Plaintiffs' clear recognition of the overlap of issues, as evidenced by footnote 1 of the Complaint. I also did not receive notice from the Secretary of State's counsel, but none of the

counsel of record participated in *Rubin*, and the current Secretary of State is two office-holders removed from the one who initially agreed to intervention in that case. Upon learning of the filing of this case, I promptly contacted my clients and then contacted counsel for Defendant Secretary of State Weber and Plaintiffs herein, on January 22, 2025, to request a stipulation to intervention. On January 23, 2025, counsel for Plaintiffs indicated that they would not stipulate to intervention, and Intervenors' counsel immediately began preparing motion papers.

13. Counsel for Defendant Secretary of State responded on January 27, 2025, indicating that the Secretary does not oppose CADOP's and IVP's intervention. (*See* Exhibit 1 hereto, which is a true and correct copy of this e-mail.) On January 29, 2025, counsel for proposed Intervenors met-and-conferred with counsel for the parties by videoconference and by e-mail to coordinate the timing of this motion in a manner that is most convenient to all the parties.

14. The Secretary's response to the complaint is not due until this Friday—January 31—because the parties previously stipulated to an extension of time. (*See* ECF No. 11.) I am also informed that Defendant Secretary anticipates filing a motion dismiss, to be heard on March 14, 2025. Proposed Intervenors have submitted a proposed answer to the complaint with this motion, and they are filing a request that the Court allow them to provisionally move to dismiss as well, so that their motion can be heard concurrently with Defendant's. No other proceedings are presently pending that could be delayed.

15. CADOP and IVP do not propose to raise any new claims. I anticipate that their "defenses" will consist almost completely, if not completely, of responding to questions of law and fact raised by the Complaint itself and by Defendant's motion to dismiss.

16. So far as I am aware, no motions have been filed, and no other proceedings have been scheduled, except for an Initial Case Management Conference set for February 21, 2025, *see* ECF No. 14, in which CADOP and IVP would be fully

prepared to participate if the Court permits.

17. CADOP and IVP do not propose to delay the conduct of this action at all, but seeks expeditious resolution of this case.

**C.   Inadequacy of Representation.**

18. Intervenors are confident that Defendant Secretary of State will present a defense to this litigation; however, given the history of past litigation relating to Proposition 14, there is no reason to presume that the other parties "will undoubtedly make all of the intervenor's arguments" or otherwise adequately represent CADOP's and IVP's interests.

19. Though CADOP/IVP and the Secretary have both defended the measure in the past, they have routinely presented different arguments in support of the measure, and there has been a history of actual disagreement about those arguments.

20. For example, in both *Field* and *Chamness*, CADOP and IVP and the Secretary disagreed about the proper interpretation of Elections Code §§ 8002.5 and 13105. *See, e.g., Field*, 199 Cal. App. 4th at 370. They have disagreed about the proper interpretation of other provisions regarding write-in voting. *See id.* at 354-55 (accepting CADOP's and IVP's interpretation and rejecting Secretary's). In *Field*, Interveners alone argued that the case could be resolved as a matter of law in an appeal from denial of a preliminary injunction, rather than remanding for further proceedings—a proposition the Court of Appeal accepted. *See id.* at 352-53. In *Chamness*, Interveners alone argued that *Pullman* abstention was appropriate in light of the pendency of *Field*. *See Chamness v. Bowen*, Case No. 2:11-cv-01479-ODW-FFM (C.D. Cal.) (Dkt. #80) (Mar. 30, 2011 order denying motion for preliminary injunction), pp. 6-8. And in both the *Field* and *Chamness* actions, CADOP and IVP provided far more extensive briefing regarding the interests that support the ballot label rules at issue in this case, leading the Court of Appeal in *Field* to hold that: "Plaintiffs argue that *Libertarian Party* [*of Cal. v. March Fong Eu*, 28 Cal. 3d 535 (1980)] cannot be applied here because the case was based on a qualified party system

1 that Proposition 14 and Senate Bill 6 'dismantled' by doing away with partisan 2 primaries. *This contention is persuasively refuted in interveners' appellate brief*, which 3 identifies many rights that continue to be reserved for qualified parties under the 4 Proposition 14 and Senate Bill 6 open primary system." *Field*, 199 Cal. App. 4th at 5 359 (emphasis added).

6 21. And in *Rubin*, it was Intervenors who submitted substantial evidence upon which the Court of Appeal relied in concluding that Proposition 14 top-two primary system serves valuable interests. *See* 233 Cal. App. 4th at 1150-51. Intervenors were also the only parties in *Rubin* to file an opposition to the petition for certiorari. *See* U.S. Supreme Court Docket, No. 15-135.

22. Permitting intervention by CADOP and IVP will ensure that the Court receives the benefit of a strong defense of the Top Two Candidate Open Primary Act that will sharpen the issues for the Court, and provide useful information and briefing to aid the Court in its rulings. CADOP's and IVP's attorneys—alone among the counsel in this action—have been involved in every single lawsuit challenging Proposition 14, and they were involved in the initial drafting of the measure and subsequent amendments thereto as well. They, accordingly, have background knowledge about Proposition 14 and its implementing statutes that no other participant in this action has.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, and, if called as a witness, I could testify competently thereto, except for those matters stated on information and belief and as to those matters, I believe them to be true.

Executed this 31st day of January, 2025, in San Rafael, California.

/s/   Christopher E. Skinnell
      Christopher E. Skinnell

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

SKINNELL DECLARATION IN SUPPORT OF  Case No. 4:24-cv-08308-MMC
MOTION TO INTERVENE OF CADOP AND IVP  EXHIBIT 1

# Christopher Skinnell

| | |
|---|---|
| **From:** | Gabrielle Boutin <Gabrielle.Boutin@doj.ca.gov> |
| **Sent:** | Monday, January 27, 2025 5:29 PM |
| **To:** | Christopher Skinnell |
| **Subject:** | RE: Peace & Freedom Party, et al. v. Weber, No. 3:24-cv-08308-MMC (N.D. Cal.) |

**Security Notice: This is an external email. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Hi Chris,

The Secretary of State's position is that she does not oppose your clients' intervention as defendants in the action. Thanks.

Brie

---

**From:** Christopher Skinnell <CSkinnell@nmgovlaw.com>
**Sent:** Wednesday, January 22, 2025 6:22 PM
**To:** Gabrielle Boutin <Gabrielle.Boutin@doj.ca.gov>
**Subject:** Peace & Freedom Party, et al. v. Weber, No. 3:24-cv-08308-MMC (N.D. Cal.)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Ms. Boutin,

I am writing on behalf of Californians to Defend the Open Primary (CADOP) and the Independent Voter Project (IVP) regarding the above-mentioned case. I represented those organizations in a number of prior lawsuits challenging Proposition 14, including, most significantly, *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), which raised identical claims on behalf of the same parties.

I am writing because my clients intend to seek to intervene in this action, as it has in those many prior actions, and I wanted to ask if you would be willing to stipulate thereto. I see that January 31 is the extended deadline for the State to respond to the complaint, and we would anticipate that would could do so by that date, to avoid any potential disruption to the timeline of the case.

I would be happy to discuss the matter with you by phone if you have any questions.

Many thanks in advance for your consideration, and all best,

**Chris Skinnell, Partner**

**NIELSEN MERKSAMER**
**PARRINELLO GROSS & LEONI** LLP

2350 Kerner Boulevard, Suite 250
San Rafael, California 94901
t: 415.389.6800 • f: 415.388.6874

1

e: cskinnell@nmgovlaw.com

**NIELSEN MERKSAMER**

Please visit www.nmgovlaw.com for more information about our firm

Join Us on LinkedIn • Join Us on Facebook

**CONFIDENTIAL COMMUNICATION:** This e-mail, including any attached files, is confidential and is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.