NIELSEN MERKSAMER LLP
Christopher E. Skinnell, Esq. (S.B. No. 227093)
David J. Lazarus, Esq. (S.B. No. 304352)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone: (415) 389-6800
Facsimile:  (415) 388-6874
E-mail: cskinnell@nmgovlaw.com
E-mail: dlazarus@nmgovlaw.com

*Attorneys for (Proposed) Intervenor-Defendants*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY
and INDEPENDENT VOTER PROJECT

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE AND FREEDOM PARTY OF CALIFORNIA, *et al.*,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>Dr. SHIRLEY N. WEBER, CALIFORNIA SECRETARY OF STATE,<br><br>    *Defendant*.<br><br>CALIFORNIANS TO DEFEND THE OPEN PRIMARY and INDEPENDENT VOTER PROJECT,<br><br>    *(Proposed) Intervenor-Defendants*. | Case No. 4:24-cv-08308-MMC<br><br>**[Proposed] ANSWER IN INTERVENTION OF CALIFORNIANS TO DEFEND THE OPEN PRIMARY and THE INDEPENDENT VOTER PROJECT**<br><br>DATE: March 28, 2025<br>TIME: 9:00 a.m.<br>COURTROOM: 7 (19th Floor)<br>JUDGE: Hon. Maxine M. Chesney |

1   Proposed Intervenor-Defendants CALIFORNIANS TO DEFEND THE OPEN
2   PRIMARY and the INDEPENDENT VOTER PROJECT (hereinafter "Intervenor-
3   Defendants") offer the following Proposed Answer to the Complaint filed by Plaintiffs
4   Peace and Freedom Party of California, Libertarian Party of California, Green Party
5   of California, Gail Lightfoot, Joe Dehn, Sean Dougherty, William Patterson, Aaron
6   Reveles, and Shannel Pittman (hereinafter "Plaintiffs") as follows:

7       1.     Answering the Introduction of the Complaint, Intervenor-Defendants
8   admit that California's Top-Two Candidate Open Primary Law provides for the
9   advancement of only the two candidates for "voter-nominated" offices receiving the
10  most votes in the in the primary election, regardless of party affiliation, to the
11  general election, with limited excepts for ties and the death of a candidate after the
12  primary. Intervenor-Defendants also admit that write-in votes are not counted at the
13  general election. *See* Elec. Code §§ 8606, 13105. Intervenor-Defendants also admit
14  that the primary election for voter-nominated offices during the 2024 election cycle
15  was held on March 5, 2024. Intervenor-Defendants deny each and every other
16  allegation of the Introduction on the grounds that such allegations pertain to legal
17  arguments and conclusions and are not factual allegations that must be admitted or
18  denied. Insofar as the allegations thereof could be construed as including any
19  allegations of fact, Intervenor-Defendants deny each and every other allegation of the
20  Introduction.

21      2.     Answering Paragraph 1 of the Complaint, Intervenor-Defendants admit
22  that jurisdiction is proper in this Court. Otherwise, Intervenor-Defendants deny each
23  and every allegation therein on the grounds that such allegations pertain to legal
24  arguments and conclusions and are not factual allegations that must be admitted or
25  denied. Insofar as the allegations thereof could be construed as including any
26  allegations of fact, Intervenor-Defendants deny each and every allegation of
27  Paragraph 1.

28      3.     Answering Paragraph 2 of the Complaint, Intervenor-Defendants admit

that venue is proper in this Court. Insofar as the allegations of Paragraph 2 could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 2.

4.      Answering Paragraph 3 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and on that basis deny each and every allegation of Paragraph 3. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

5.      Answering Paragraph 4 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4, and on that basis deny each and every allegation of Paragraph 4. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

6.      Answering Paragraph 5 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5, and on that basis deny each and every allegation of Paragraph 5. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

7.      Answering Paragraph 6 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and on that basis deny each and every allegation of Paragraph 6. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

8.      Answering Paragraph 7 of the Complaint, Intervenor-Defendants lack

sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and on that basis deny each and every allegation of Paragraph 7. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

9.      Answering Paragraph 8 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and on that basis deny each and every allegation of Paragraph 8. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

10.      Answering Paragraph 9 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and on that basis deny each and every allegation of Paragraph 9. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

11.      Answering Paragraph 10 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10, and on that basis deny each and every allegation of Paragraph 10. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied.

12.      Answering Paragraph 11 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11, and on that basis deny each and every allegation of Paragraph 11. Intervenor-Defendants further deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual

allegations that must be admitted or denied.

13.     Answering Paragraph 12 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12, and on that basis deny each and every allegation of Paragraph 12.

14.     Answering Paragraph 13 of the Complaint, Intervenor-Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13, and on that basis deny each and every allegation of Paragraph 13.

15.     Answering Paragraph 14 of the Complaint, Intervenor-Defendants admit that Defendant Dr. Shirley N. Weber serves as Secretary of State for the State of California, and in that capacity is responsible for serving as the chief elections officer of the State of California. *See* Cal. Elec. Code § 10(a); Cal. Gov. Code § 12172.5.

16.     Answering Paragraph 15 of the Complaint, Intervenor-Defendants admit that California's Top-Two Candidate Open Primary Law was added to the California Constitution through a vote of the People at the June 2010 primary election, and that the measure (Proposition 14) was referred to the ballot by the California Legislature. Intervenor-Defendants also admit that Proposition 14 became operative on January 1, 2011.

17.     Answering Paragraph 16 of the Complaint, Intervenor-Defendants admit that California's Top-Two Candidate Open Primary Law designates statewide executive offices and state and federal legislative offices as "voter-nominated" offices.

18.     Answering Paragraph 17 of the Complaint, Intervenor-Defendants admit that the Legislature possesses the statutory authority to set the election date for primary elections, including those for voter-nominated offices, and that such elections are currently held in June in non-presidential election years. Cal. Elec. Code §§ 1001(b), 1201. Intervenor-Defendants also admit that all qualified voters and qualified candidates are permitted to participate in primary elections for voter-nominated offices, without regard to party affiliation. *See Rubin v. Padilla*, 233 Cal. App. 4th 1128, 1138 (2015) (citing Cal. Const., art. II, § 5, subd. (a); Elec. Code, §§

359.5, 1200, 1201.)

19.    Answering Paragraph 18 of the Complaint, Intervenor-Defendants admit that the Legislature possesses the statutory authority to set the election date for primary elections, including those for voter-nominated offices, and that such elections are currently held in March in presidential election years. Cal. Elec. Code § 1202.

20.    Answering Paragraph 19 of the Complaint, Intervenor-Defendants admit that the primary for voter-nominated offices in 2024 was held on March 5, 2024.

21.    Answering Paragraph 20 of the Complaint, Intervenor-Defendants admit that the primary for voter-nominated offices under California's Top-Two Candidate Open Primary Law does not directly result in the election of any candidate for any office, but rather results in the placement of the candidates who are the top two recipients of votes, regardless of party affiliation, on the general election ballot.

22.    Answering Paragraph 21 of the Complaint, Intervenor-Defendants admit the allegation that California does not count write-in votes cast at the general election for voter-nominated offices covered by California's Top-Two Candidate Open Primary Law. *See* Cal. Elec. Code §§ 8606, 13105(a); *Field v. Bowen*, 199 Cal. App. 4th 346, 350 (2011).

23.    Answering Paragraph 22 of the Complaint, Intervenor-Defendants admit the allegation that only the candidates for voter-nominated office who receive the highest or second highest number of votes at the primary election are permitted to appear on the general election ballot, with limited exceptions for tie votes or the death of a candidate. *See* Cal. Elec. Code § 8141.5.

24.    Answering Paragraph 23 of the Complaint, Intervenor-Defendants admit the allegation that only the candidates for voter-nominated office who receive the highest or second highest number of votes at the primary election are permitted to appear on the general election ballot and be elected into office, with limited

exceptions for tie votes or the death of a candidate. *See* Cal. Elec. Code § 8141.5.

25.     Answering Paragraph 24 of the Complaint, Intervenor-Defendants admit the allegation that California's Top-Two Candidate Open Primary Law "effected a substantial change in the California electoral process." *Rubin*, 233 Cal. App. 4th at 1138.

26.     Answering Paragraph 25 of the Complaint, Intervenor-Defendants admit that prior to the passage of Proposition 14, "the primary election served to designate the party nominees for what are now voter-nominated offices." *Id.* at 1138. They also admit that is no longer the case.

27.     Answering Paragraph 26 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Proposition 14 and the implementing statutes adopted by the Legislature speak for themselves. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 26.

28.     Answering Paragraph 27 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Proposition 14 and the implementing statutes adopted by the Legislature speak for themselves. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 27.

29.     Answering Paragraph 28 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Proposition 14 and the implementing statutes adopted by the Legislature speak for themselves. Insofar as the allegations thereof could be

1  construed as including any allegations of fact, Intervenor-Defendants deny each and
2  every allegation of Paragraph 28.

3      30.    Answering Paragraph 29 of the Complaint, Intervenor-Defendants deny
4  each and every allegation therein on the grounds that such allegations pertain to
5  legal arguments and conclusions and are not factual allegations that must be
6  admitted or denied. Proposition 14 and the implementing statutes adopted by the
7  Legislature speak for themselves. Insofar as the allegations thereof could be
8  construed as including any allegations of fact, Intervenor-Defendants deny each and
9  every allegation of Paragraph 29.

10     31.    Answering Paragraph 30 of the Complaint, Intervenor-Defendants deny
11 each and every allegation therein on the grounds that such allegations pertain to
12 legal arguments and conclusions and are not factual allegations that must be
13 admitted or denied. Proposition 14 and the implementing statutes adopted by the
14 Legislature speak for themselves. Insofar as the allegations thereof could be
15 construed as including any allegations of fact, Intervenor-Defendants deny each and
16 every allegation of Paragraph 30. Without limiting the generality of these denials,
17 Intervenor-Defendants specifically deny that Proposition 14 discriminates amongst
18 qualified political parties. *See, e.g., Rubin*, 233 Cal. App. 4th at 1153 ("The top-two
19 system, in contrast, makes no … distinction among candidates or political parties.").

20     32.    Answering Paragraph 31 of the Complaint, Intervenor-Defendants deny
21 each and every allegation therein on the grounds that such allegations pertain to
22 legal arguments and conclusions and are not factual allegations that must be
23 admitted or denied. Proposition 14 and the implementing statutes adopted by the
24 Legislature speak for themselves. Insofar as the allegations thereof could be
25 construed as including any allegations of fact, Intervenor-Defendants deny each and
26 every allegation of Paragraph 31.

27     33.    Answering Paragraph 32 of the Complaint, Intervenor-Defendants deny
28 each and every allegation therein on the grounds that such allegations pertain to

legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 32.

34.    Answering Paragraph 33 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 33.

35.    Answering Paragraph 34 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 34.

36.    Answering Paragraph 35 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 35.

37.    Answering Paragraph 36 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 36.

38.    Answering Paragraph 37 of the Complaint, Intervenor-Defendants incorporate their responses to the allegations in paragraphs 1 through 36 in full, as set forth herein above.

39.    Answering Paragraph 38 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 38.

40.    Answering Paragraph 39 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 39.

41.    Answering Paragraph 40 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 40.

42.    Answering Paragraph 41 of the Complaint, Intervenor-Defendants deny each and every allegation therein on the grounds that such allegations pertain to legal arguments and conclusions and are not factual allegations that must be admitted or denied. Insofar as the allegations thereof could be construed as including any allegations of fact, Intervenor-Defendants deny each and every allegation of Paragraph 41.

43.    Answering Paragraph 42 of the Complaint, Intervenor-Defendants deny

1  each and every allegation therein on the grounds that such allegations pertain to

2  legal arguments and conclusions and are not factual allegations that must be

3  admitted or denied. Insofar as the allegations thereof could be construed as including

4  any allegations of fact, Intervenor-Defendants deny each and every allegation of

5  Paragraph 42.

6      44.    Answering Paragraph 43 of the Complaint, Intervenor-Defendants deny

7  each and every allegation therein on the grounds that such allegations pertain to

8  legal arguments and conclusions and are not factual allegations that must be

9  admitted or denied. Insofar as the allegations thereof could be construed as including

10  any allegations of fact, Intervenor-Defendants deny each and every allegation of

11  Paragraph 43.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

15      45.    The Complaint, in its entirety and through each separately stated cause

16  of action, fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

### (Res Judicata/Estoppel)

19      46.    The Complaint, in its entirety and through each separately stated cause

20  of action and theory of liability, has been thoroughly and completely adjudicated on

21  the merits in state and federal tribunals and is therefore barred by the doctrines of

22  res judicata and estoppel.

### Third Affirmative Defense

### (Laches)

25      47.    The Complaint is barred by the doctrine of laches.

### Fourth Affirmative Defense

### (Unclean Hands)

28      48.    The Complaint is barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

**(Reservation of Affirmative Defenses)**

49.    Intervenor-Defendants further allege that Plaintiffs have failed to set out their claims with sufficient particularity to permit Intervenor-Defendants to raise all appropriate affirmative defenses, and Intervenor-Defendants therefore reserve their right to amend or supplement its answer with additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Intervenor-Defendants pray as follows:

1.    That the Court grant Intervenor-Defendants leave to intervene in this case.

2.    That the Complaint is dismissed in its entirety and judgment is entered in favor of Defendant and Intervenor-Defendants and against Plaintiffs.

3.    That Intervenor-Defendants be awarded their costs in this action; and

4.    That Intervenor-Defendants be awarded such other and further relief as this Court may deem proper, including but not limited to attorneys' fees.

Respectfully submitted,

Dated: January 31, 2025           NIELSEN MERKSAMER LLP

By:    /s/    Christopher E. Skinnell
                  Christopher E. Skinnell

*Attorneys for Intervenor-Defendants*
CALIFORNIANS TO DEFEND THE
OPEN PRIMARY and INDEPENDENT
VOTER PROJECT