NIELSEN MERKSAMER LLP
   Christopher E. Skinnell, Esq. (S.B. No. 227093)
   David J. Lazarus, Esq. (S.B. No. 304352)
2350 Kerner Boulevard, Suite 250
San Rafael, California 94941
Telephone: (415) 389-6800
Facsimile:  (415) 388-6874
E-mail: cskinnell@nmgovlaw.com
E-mail: dlazarus@nmgovlaw.com

*Attorneys for Intervenor-Defendants*
CALIFORNIANS TO DEFEND THE OPEN PRIMARY
and INDEPENDENT VOTER PROJECT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEACE AND FREEDOM PARTY OF CALIFORNIA, *et al.*,<br><br>  *Plaintiffs*,<br><br>vs.<br><br>Dr. SHIRLEY N. WEBER, CALIFORNIA SECRETARY OF STATE,<br><br>  *Defendant*.<br><br>CALIFORNIANS TO DEFEND THE OPEN PRIMARY and INDEPENDENT VOTER PROJECT,<br><br>  *Intervenor-Defendants*. | Case No. 3:24-cv-08308-MMC<br><br>**[Proposed] ORDER GRANTING INTERVENOR-DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE: July 11, 2025<br>TIME: 9:00 a.m.<br>COURTROOM: 7 (19th Floor)<br>JUDGE: Hon. Maxine M. Chesney |

Having considered Intervenor-Defendants' motion to dismiss this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of standing under Rule 12(b)(1),

**IT IS HEREBY ORDERED** that Intervenor-Defendants' motion is **GRANTED WITH PREJUDICE**.

The First Amended Complaint states two distinct causes of action: (1) a cause of action on behalf of all Plaintiffs alleging that "minor" parties' purportedly fundamental right of access to the ballot is violated by a nonpartisan "top-two" primary system because it is too difficult for a minor-party candidate to progress to the general election, and (2) a claim by the American Solidarity Party ("ASP"), a political organization that is not a "qualified" political party under California law, that it has a right to have its name listed on the ballot as a candidate's "party preference," when California law only allows the names of qualified parties to be listed.

### A. Ballot Access Claim.

#### 1. *Res judicata.*

In the first place, this claim is barred by the doctrine of *res judicata*, or claim preclusion, as to all the Plaintiffs except the ASP based on the ruling in *Rubin v. Padilla*, 233 Cal. App. 4th 1128 (2015), *review denied*, 2015 Cal. LEXIS 2395 (Cal., Apr. 29, 2015), *cert. denied*, 577 U.S. 923 (2015) ("*Rubin*"). The preclusive effect of the judgment in *Rubin* is determined with reference to California law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984), and the elements thereof are met here. *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (setting forth the elements of res judicata under California state law):

- This case raises the "same claim" within the meaning California law as the claims *Rubin* was disposed of. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125-26 (9th Cir. 2013) ("same claim" is one derived from the same "primary right");

- Those claims were resolved by a final judgment. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) (dismissal with prejudice is a "final judgment" for *res judicata*);

- Two of the Plaintiffs herein—the Peace & Freedom Party of California and the Libertarian Party of California—were parties to the preceding action.

- The Green Party of California was not, the Green Party of Alameda County was, and the second amended complaint in *Rubin* specifically alleged that "Plaintiff GREEN PARTY OF ALAMEDA COUNTY (GPAC) is a geographic division of the Green Party of California, which is a qualified political party under the California Elections Code." *See* Intervenors' RJN, Ex. 5, at p. 5 (¶ 14). Entities in a parent/subsidiary relationship are generally held to be in privity with one another. *See, e.g., In re Imperial Corp. of Am.*, 92 F.3d 1503, 1507 (9th Cir. 1996) (finding privity between parent and subsidiaries for res judicata purposes); *Pickman v. Am. Express Co.*, No. C 11-05326 WHA, 2012 U.S. Dist. LEXIS 9662, at *14-15 (N.D. Cal. Jan. 27, 2012) (same). Moreover, Michael Rubin himself—the lead plaintiff in the prior action—was a member of the State Coordinating Committee of the Green Party of California, *see* Intervenors' RJN, Ex. 5, at p. 4 (SAC, ¶ 7).

- As for the individual Plaintiffs herein, they are members of, and candidates seeking to represent, the Plaintiff political parties. (*See* FAC, ECF No. 29, ¶¶ 4-13.) They are, therefore, in privity with the plaintiffs in *Rubin*, because the "relationship between [them] and the unsuccessful [plaintiffs in *Rubin*] is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel." *Citizens for Open Access etc. Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1070-71 (1998) (quoting *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 875 (1978)). "One of the

relationships that has been deemed 'sufficiently close' to justify a finding of privity is that of an organization or unincorporated association filing suit on behalf of its members," so long as the organization had sufficient incentive to fully litigate the issues, as the minor parties did in *Rubin*. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1082 (9th Cir. 2003) (applying *res judicata* in light of a previous lawsuit by an association to bar a subsequent suit brought on the same facts by members of the association).

### 2. Standing.

As to the ASP, it lacks standing to bring this claim. To have Article III standing, a plaintiff must show that: (1) it has suffered an "injury in fact," (2) the injury is "traceable" to the conduct complained of, and (3) it is "likely," rather than merely "speculative," that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

The ASP cannot meet the first requirement, because to establish injury in fact, a plaintiff must show that it suffered "an invasion of a *legally protected* interest," *id*. (emphasis added); "if the plaintiff's claim has no foundation in law, he has no legally protected interest and thus no standing to sue." *Claybrook v. Slater*, 111 F.3d 904, 907 (D.C. Cir. 1997). The Supreme Court has squarely held that the Constitution "does not give political parties a right to have their nominees designated as such on the ballot. [Citation.] Parties do not gain such a right simply because the State affords candidates the opportunity to indicate their party preference on the ballot." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 453 n.7 (2008).

The ASP cannot meet the second requirement for two reasons. First, because a candidate's or party's inability to advance to the general election is attributable to the actions of the voters in choosing whom to support at the primary, any injury suffered by the candidate or party "[i]s the result of an intervening cause—the electorate—and is not fairly traceable to the defendants." *Habecker v. Town of Estes Park*, 518 F.3d

1217, 1224-26 (10th Cir. 2008); *Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1219 (10th Cir. 2008) (same).

Second, even if Proposition 14 had never been enacted, and the prior partisan system were still in place, the ASP still would not entitled to have its candidates listed as such on the ballot, because the ASP is not a "qualified" political party under California law. *See* FAC ¶ 6; *Lightfoot v. Eu,* 964 F.2d 865, 871 (9th Cir. 1992), *cert. denied,* 507 U.S. 919 (1993) (constitution not violated by limiting ballot access to "qualified" parties in a partisan system). The ASP has not challenged the party qualification statutes in the FAC.

Finally, for the same reason the ASP cannot meet the third requirement. If this Court were to enjoin Proposition 14 as the FAC prays, thereby restoring the preexisting system, the ASP would be omitted from the general election ballot *and* the primary.

### 3. Failure to state a claim.

Moreover, even if this claim were not barred by *res judicata* and lack of standing, the Court agrees that Plaintiffs' First Amended Complaint fails to state a claim for the reasons set forth in *Rubin* and in *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 793-94 (9th Cir. 2012).

### B. Ballot Label Claim.

The ASP also lacks standing to bring the ballot label claim. Under Proposition 14 and its implementing statutes, the right to identify a political party on the ballot belongs to the candidate—not the party. Cal. Elec. Code §§ 2150(a)(8), 2151-2152, 8002.5. Indeed, a candidate can be identified on the ballot as preferring a party over the objection of the party itself. *See* Cal. Elec. Code § 13206.5. That being the case, the appropriate plaintiff to challenge these statutes is a candidate, not the ASP. *See Renne v. Geary*, 501 U.S. 312, 320 (1991) (members of political party committees did not have standing to challenge prohibitions against a candidate listing party endorsements in his or her candidate statement published in the ballot pamphlet).

And there is no "genuine obstacle" to a candidate advancing his or her own rights in this context, *Singleton v. Wulff*, 428 U.S. 106, 116 (1976); *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013) (candidate challenge to the same statutes); *Field v. Bowen*, 199 Cal. App. 4th 346 (2011) (same); *Soltysik v. Padilla*, 910 F.3d 438 (9th Cir. 2018) (same). Thus, the ASP cannot rely on third-party standing to assert this claim. *See Renne*, 501 U.S. at 320.

### C. Conclusion.

This case is dismissed with prejudice.

**IT IS SO ORDERED** this \_\_\_\_ day of _____, 2025.

_____
Hon. Maxine M. Chesney
United States District Judge