THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **PEACE AND FREEDOM PARTY, et al.,** | Case No. 3:24-cv-08308-MMC |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| **v.** | |
| **DR. SHIRLEY N. WEBER, CALIFORNIA SECRETARY OF STATE,** | |
| Defendant. | |

Before the Court is Defendant Secretary of State Shirley Weber's Motion to Dismiss the Second Amended Complaint, filed June 23, 2026, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having read and considered the parties' submissions and argument, the Court rules as follows.

## BACKGROUND

California statewide primaries take place every even-numbered year.  Cal. Elec. Code § 1201.  In presidential election years, the primaries take place in March.  *Id.* § 1202.In all other even-numbered years, the primaries take place in June.  Cal. Elec. Code § 1201.

A candidate in a top-two primary who is affiliated with a "qualified" party may list their "party preference" on the election ballot.  *See* CAL. CONST. art. II, § 5(b); Cal. Elec. Code §§ 5100, 8002.5, 13105(a).  A party may become "qualified" by reaching one of three designated statistical thresholds related to votes cast for affiliated candidates, the declared party preference of registered voters, and petition signatures.  Cal. Elec. Code § 5100.  If a candidate has no party preference or prefers a party that is not "qualified," then the ballot states near their name "Party Preference: None."  *Id.* §§ 8002.5(a)(2), 13105(a)(2).

1

Plaintiffs are minor political parties and their candidates. SAC at 2. Defendant is California Secretary of State Shirley Weber, in her official capacity. Defendant-Intervenors are non-profit entities that sponsored Proposition 14. ECF No. 17-1 at 2-3.

Plaintiffs initially filed a Complaint, and then a First Amended Complaint, ECF No. 29 ("FAC"), in this action. In the FAC, Plaintiffs generally challenged the constitutionality of California's top-two primary system set forth in Article II, section 5 of the California Constitution under the First and Fourteenth Amendment of the U.S. Constitution. That claim also challenged, in the context of the top-two primary system, California's prohibition on write-in candidates on the general election ballot and the State's scheduling of the primaries in March of presidential election years. FAC at 14. Plaintiff American Solidarity Party of California ("ASPC") alleged an additional constitutional challenge to California Elections Code sections 8002.5 and 13105 (the "Party Preference statutes"), which provide for candidates' "party preference" statements on primary ballots. FAC at 14. The Court dismissed the FAC and granted Plaintiffs' leave to amend only their challenges to the State's scheduling of primaries in March of presidential election years and to ASPC's party preference claim.

Accordingly, Plaintiffs filed a Second Amended Complaint ("SAC") that challenges only, in the context of California's top-two primary system, the March primary in presidential election years ("Count 1") and the Party Preference statutes ("Count 2). Defendant filed then filed a motion to dismiss. ECF No. 63.

**LEGAL STANDARDS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Review of state voting laws follows a flexible balancing standard: a court must weigh "the character and magnitude" of the asserted injury against the "interests put forward by the State as justifications for the burden imposed by its rule," taking into consideration the extent to which the State interests make the burden necessary. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992). Under

2

this standard, "the state's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions." *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983).

Where, as here, the challenged restrictions are "reasonable [and] nondiscriminatory" and not "severe," courts may properly weigh the state's interests against the burden on constitutional rights at the motion to dismiss stage. *See Tedards v. Ducey*, 951 F.3d 1041, 1067-68 (9th Cir. 2020); *Rubin v. City of Santa Monica,* 308 F.3d 1008, 1012-13 (9th Cir. 2002; *see also Munro v. Socialist Workers Party*, 479 U.S. 189, 195-95 (1986).

## DISCUSSION

The SAC is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Count 1 and Count 2 both fail to state a claim.  As a threshold matter relevant to the *Anderson/Burdick* analysis, Count 1 and Count 2 in the SAC are both facial constitutional claims and Plaintiffs must therefore allege that all applications of the challenged statute are unconstitutional.  *See Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 452 (2008) ("*Washington I*").Plaintiffs have failed satisfy this requirement.  Neither the March primaries in presidential election years, nor the Party Preference statutes impose a severe burden on Plaintiffs and the laws are justified by California's important regulatory interests. Plaintiffs are therefore required to plausibly allege in the SAC that the challenged statutes are unconstitutional in all possible factual scenarios.  As explained below, they have not and cannot do so.

I.    **COUNT 1: PLAINTIFFS' CHALLENGE TO MARCH PRIMARIES IN PRESIDENTIAL ELECTION YEARS FAILS TO STATE A CLAIM**

California's scheduling of primary elections in March of presidential election years is a "reasonable, nondiscriminatory" regulation that does not severely burden Plaintiffs' right to ballot access.  *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1983).  Ballot access cases "focus on the degree to which the challenged restrictions operate as a mechanism to exclude certain classes of candidates from the electoral process." *Anderson*, 460 U.S. at 793.  "The inquiry is whether the challenged restriction unfairly or unnecessarily burdens the availability of political opportunity." *Id*. (internal quotation marks omitted).

Here, California's March primaries in presidential election years do not place any burden, and certainly no severe burden, on Plaintiffs' political opportunities.  In all election years, including presidential election years, California holds a simultaneous primary election for all candidates affiliated with all parties.  Cal. Elec. Code § 1202.  Major and minor parties face the same challenges and receive the benefits from the timing of these primaries relative to the November general election.  And since parties' and candidates' electoral success is relative to one another, minor parties and their candidates have the same political opportunity as their major party counterparts to participate in the primary, and to then proceed to the general election if they are a top-two vote getter.  *See Washington State Republican Party v. Washington State Grange* 676 F.3d 784, 795 (9th Cir. 2012) ("*Washington II*"); *Lawrence v. Blackwell*, 430 F.3d 368, 373 (6th Cir. 2005); *Munro*, 479 U.S. at 199.  California's March primaries in presidential election years therefore constitute a "reasonable, nondiscriminatory" election regulation.  *Anderson*, 460 U.S. at 788.

The March primaries, moreover, are justified by the state's important regulatory interests to survive review.  *Anderson*, 460 U.S. at 788.  As the Legislature recognized, holding the primary in March instead of June ensures that California residents have the opportunity to meaningfully influence the presidential primary process before the nominees are already "effectively decided" by other states.   Sen. Third Reading, 2017-2018 Reg. Sess., Analysis of SB 568, as amended August 31, 2017 (Cal. Sept. 13, 2017), at 1; Sen. Rules Comm., Analysis of SB 568, 2017-2018 Reg. Sess. (Cal. Sept. 15, 2017), at 5; Senate Third Reading, 2017-2018 Reg. Sess., Analysis of SB 568, as amended June 21, 2017, (Cal. Aug. 18), 17 at 1-3. This influence, in turn, also and incentivizes candidates to "respond to California's unique issues and challenges" and increases voter turnout for all of the candidates and issues on the ballot in California's primary elections. Sen. Third Reading, 2017-2018 Reg. Sess., Analysis of SB 568, as amended August 31, 2017 (Cal. Sept. 13, 2017), at 1.  Voter turnout and voter influence on the agendas and positions of presidential candidates are important regulatory interests to California.  *See Tedards*, 951 F.3d at 1067.  California's March primaries in presidential election years are therefore justified by the State's important interests and *Anderson/Burdick* scrutiny is satisfied.

4

## II.   COUNT 2: AMERICAN SOLIDARITY PARTY OF CALIFORNIA'S CHALLENGE TO CALIFORNIA'S "PARTY PREFERENCE" STATUTES FAILS TO STATE A CLAIM

ASPC alleges that its First and Fourteenth Amendment rights are burdened by the Party Preference statutes because they "negatively impact [ASPC's] ability to grow nationally and the ASPC is denied the advantage of attracting voters, supporters, and candidates." SAC at 18. However, this is not a severe burden that would subject the statutes to strict scrutiny. *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997); *Soltysik v. Padilla*, 910 F.3d 438 (9th Cir. 2018). Just as in *Timmons* and *Soltysik*, ASPC can grow and build its popularity and influence by organizing, campaigning and endorsing candidates, and generally engaging with voters by spreading its political messages. Moreover, ASPC does not have the specific right to appear on the ballot alongside its preferred candidate because ballots are not intended to serve as fora parties' political expression. *See Timmons*, 520 U.S. at 362-63. This is particularly so in California's voter-nominated (not party-nominated) top-two primaries, where the function of the "Party Preference" on the California ballot label is to indicate each candidate's preferred party, not each party's preferred candidate. *See* CAL. CONST. art. II, § 5(b); *see also Timmons*, 520 U.S. at 365.

Indeed, the Party Preference statutes satisfy *Anderson/Burdick* review because any burden they may impose on ASPC is justified by California's important regulatory interests. *See Anderson*, 460 U.S. at 788. States have a compelling interest in regulating the method by which candidates appear on the ballot and "protecting the integrity, fairness, and efficiency of their ballots and election processes as a means of electing public officials." *Timmons*, 520 U.S. at 364. "[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Storer*, 415 U.S. at 730; *see also Rubin*, 308 F.3d at 1011. If candidates are free to identify whichever nonqualified political body they prefer, the ballot could easily be manipulated to send political or commercial messages to voters and undermine the State's ability to manage its ballots. *See Chamness*, 722 F.3d at 1118-19; *Rubin*, 308 F.3d at 1019. Moreover, Plaintiffs have brought a facial challenge and, in at least some possible future elections, the State's interests

5

justify any burden on Plaintiffs because the state could take measures to provide other means for ASPC candidates to convey their party affiliation to voters. *See Washington I*, 552 U.S. at 456-59.

**CONCLUSION**

For the reasons stated above, Secretary Weber's motion to dismiss is hereby GRANTED. Leave to amend is DENIED.  Plaintiffs have already attempted, and failed, to successfully amend their challenges to California's March primaries and Party Preference statutes and further attempts would be futile under the *Anderson/Burdick* analysis.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).


Dated:  _____       _____

The Honorable Maxine M. Chesney

6

# CERTIFICATE OF SERVICE

Case Name:   **Peace and Freedom Party, et al.**          No.   **3:24-cv-08308-MMC**
                      **v. Dr. Shirley N. Weber**

I hereby certify that on <u>June 24, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 24, 2025</u>, at Los Angeles, California.


| Cecilia Apodaca | */s/ Cecilia Apodaca* |
|:---:|:---:|
| Declarant | Signature |

SA2024305451
67812957.docx